UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GABRIEL DEON LOGAN(#425940)

VERSUS                                            CIVIL ACTION

JAMES SAVOY, ET AL                                NUMBER 11-809-FJP-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 17, 2012.

                                 STEPHEN C. RIEDLINGER
                                 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GABRIEL DEON LOGAN(#425940)

VERSUS                                               CIVIL ACTION

JAMES SAVOY, ET AL                                   NUMBER 11-809-FJP-SCR

**MAGISTRATE JUDGE'S REPORT**

On January 20, 2012, the plaintiff's motion to proceed in forma pauperis was granted and the plaintiff was ordered within 20 days of the date of the order to pay an initial partial filing fee in the amount of $3.15.[1] Plaintiff failed to pay the initial partial filing fee. On March 30, 2012, the plaintiff was ordered to show cause on April 13, 2012, why his complaint should not be dismissed for failure to pay the initial partial filing fee. Record document number 8. Plaintiff was also ordered to attach copies of his inmate account statements for the months of January, February, March and April 2012.

In his response to the show cause order the plaintiff conceded that on December 13, 2011 and February 1, 2012, he received a total of $140 from relatives which was deposited into his inmate account. Plaintiff acknowledged that half of the $50 he received on February 1, 2012 – after the court ordered him to pay an initial partial

---

[1] Record document number 5.

filing fee – was applied to his debt and the other half was available to pay the filing fee.

Plaintiff argued that he submitted authorization to prison officials to remove funds from his account when he knew he lacked sufficient funds to pay the initial partial filing fee. Plaintiff argued that once funds became available, prison officials should have removed the funds. Plaintiff apparently did not submit a draw slip to prison officials after he had sufficient funds in his inmate account to pay the initial partial filing fee. It was incumbent on the plaintiff to submit a draw slip to prison officials at the time funds became available in his account. Plaintiff failed to do so.

A review of the record showed that the plaintiff signed his complaint on December 2, 2011, and it was filed on December 16, 2011. From the time the plaintiff filed his complaint on December 2, 2011, until February 13, 2012, the date the initial partial filing fee was due, the plaintiff had at least $140 deposited into his inmate account.[2] Plaintiff had sufficient funds to pay the initial partial filing fee but failed to do so.

Because the plaintiff failed to pay the court's filing fee, the complaint should be dismissed without prejudice.

---

[2] It appears that the plaintiff also earned incentive wages during the same period. *See* Record document number 9, p. 5, Department of Corrections Incentive Pay Log.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice for failure to pay the court's filing fee.

Baton Rouge, Louisiana, April 17, 2012.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE